# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 11-2582
_____

| | |
|---|---|
| In re: | * |
| | * |
| Joseph Warren Terry, | * |
| | *  Appeal from the United States |
| Debtor, | *  Bankruptcy Court for the |
| _____ | *  Western District of Missouri. |
| | * |
| Joseph Warren Terry, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Standard Insurance Company, | * |
| | * |
| Appellant. | * |

_____

Submitted: March 13, 2012
Filed: August 3, 2012
_____

Before WOLLMAN, COLLOTON and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

  Joseph Warren Terry, who receives long-term disability benefits, filed a Chapter 7 bankruptcy petition. He later sued the bankruptcy trustee, seeking a declaration that his disability insurance provider, Standard Insurance Company,

should not have reduced his benefits by the amount of certain "voidable" payments. The bankruptcy court ruled that Standard was precluded from recouping the payments. *In re Terry*, No. 08-43123, 2010 WL 2891710 (Bankr. W.D. Mo. July 21, 2010). Standard appealed to the Bankruptcy Appellate Panel, which reversed and remanded, holding that recoupment was subject to a "balancing of the equities." *In re Terry*, 443 B.R. 816, 821 (B.A.P. 8th Cir. 2011). On remand, the bankruptcy court found that the equities prevented Standard from recouping the payments. *In re Terry*, 453 B.R. 760, 764 (Bankr. W.D. Mo. 2011). Standard again appeals, arguing that (1) the BAP erred in ordering the bankruptcy court to weigh the equities, and (2) the bankruptcy court abused its discretion in how it weighed them. Having jurisdiction under 28 U.S.C. § 158(d)(2), this court reverses and remands.

I.

Terry, a Missouri state employee, had a long-term disability policy issued by Standard. Standard began paying him disability benefits in August 2006. By the policy, benefits to a disabled employee are reduced by any Social Security disability benefits (and the employee must actively pursue them). Terry authorized Standard to automatically withdraw from his bank account any retroactive Social Security disability benefits. On July 17, 2008, Terry received a $45,316.54 lump-sum award of retroactive Social Security disability benefits. Standard withdrew that amount from Terry's bank account a week later. Terry filed for Chapter 7 bankruptcy on July 31. The trustee categorized the $45,316.54 Standard withdrew as a voidable preference under 11 U.S.C. § 547. The trustee demanded that Standard return the money. Standard complied. After returning the money to the trustee, Standard began deducting $430.20 each month to recover the retroactive benefits. Standard stopped the deductions after the bankruptcy court voiced its concern that they might violate the automatic stay or the discharge injunction. Standard paid Terry its previous retroactive withholdings, but expressly reserved the right to reinstate deductions if a court determined they were permissible.

Terry filed an adversary complaint against the bankruptcy trustee, seeking an exemption for the $45,316.54 and a declaration that Standard could not make deductions from his disability benefits. The trustee objected, arguing that under 11 U.S.C. § 522(g), Terry could not claim an exemption because he voluntarily transferred the money to Standard. The bankruptcy court agreed with the trustee.

Standard then claimed a right of recoupment, which the bankruptcy court rejected. Standard appealed to the BAP, which reversed and remanded. The BAP held that Terry's obligation to repay the $45,316.54 arose from the same transaction as Standard's obligation to pay his long-term disability benefits. The BAP remanded for a determination whether it was equitable for Standard to recoup the overpayments from Terry, holding that

> recoupment is only allowed where it would be 'inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations,' and recoupment should be narrowly construed in bankruptcy. [*U.S. Postal Serv. v. Dewey Freight Systems, Inc.*, 31 F.3d 620, 623 (8th Cir. 1994).] Standard's rights are not absolute, and the equities must be weighed. Because the bankruptcy court did not reach the question of whether the equities favor allowing recoupment, we must remand.

On remand, the bankruptcy court weighed the equities and ruled that Standard could not recoup the payments.

> On balance, considering all the equities, Standard is simply in a better position to sustain this loss than the Debtor is, and not just because Standard is a "big insurance company with deep pockets." Having observed Terry in Court and being aware of his medical prognosis, the Court believes that Terry's employment prospects are extremely bleak, casting great doubt on whether he can ever make up for this loss of income, whereas Standard (presumably) has the ability to continue writing policies and earning money for the foreseeable future.

Standard appeals, arguing that the BAP erred in concluding the bankruptcy court must weigh the equities.

## II.

In an appeal from the BAP, this court independently reviews the bankruptcy court's decision, applying the same standard of review as the BAP. *In re Danduran*, 657 F.3d 749, 752 (8th Cir. 2011), *citing In re Ungar,* 633 F.3d 675, 678-79 (8th Cir. 2011). Fact findings by the bankruptcy court are reviewed for clear error; its conclusions of law are reviewed de novo. *Id.* As the facts of this case are undisputed, the BAP's ruling is reviewed de novo. *Capital One Auto Fin. v. Osborn*, 515 F.3d 817, 821 (8th Cir. 2008).

Recoupment allows a defendant to deduct its claim from the amount the plaintiff could otherwise recover *if* the claim arises out of the same transaction or subject matter on which the plaintiff sued. *In re NWFX, Inc.*, 864 F.2d 593 (8th Cir. 1989). Recoupment is "an equitable principle that allows a creditor in bankruptcy 'to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the [debtor's] claim.'" *U.S. Postal Service v. Dewey Freight System, Inc.* 31 F.3d 620, 622-23 (8th Cir. 1994), *quoting* 4 *Collier on Bankruptcy* ¶ 553.03, at 553–17 (15th ed. 1994). "To justify recoupment in bankruptcy, 'both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations.'" *Id.* at 623, *quoting In re University Medical Ctr.*, 973 F.2d 1065, 1081 (3d Cir. 1992).

Terry argues that a creditor who meets the same-transaction test can be denied recoupment based on a balancing of the equities, citing *Dewey* and Missouri cases

-4-

describing recoupment as "equitable."[1]  In *Dewey*, this court did not say it was weighing the equities, but in examining recoupment "from the perspective of the Bankruptcy Code's treatment of executory contracts," this court referred to recoupment as an "equitable doctrine."  *Id.* at 622-23.  This court noted, "Not surprisingly, given the equitable nature of the doctrine, courts have refrained from precisely defining the same-transaction standard, focusing instead on the facts and the equities of each case." *Id.* at 623.

Discussing the "equities of each case," this court in *Dewey* did not set forth an additional element or precondition to recoupment.  *Id.*  Instead, this court highlighted the equitable nature of recoupment to acknowledge the unfairness of *requiring* recoupment when the same-transaction test is not met.  *Id.*  *Dewey* does not require courts to perform an independent "balancing of the equities" test apart from the same-transaction analysis.  Nor do the Missouri cases Terry cites require a separate test.  *See Crouch*, 47 S.W.2d 371; *Burger*, 46 S.W.2d 436.

Terry invokes three cases from other circuits, claiming that "the majority of Circuits to have addressed the issue of recoupment in bankruptcy have . . . applied it as directed by the equities of each case."  *See In re Malinowski*, 156 F.3d 131, 135 (2d Cir. 1998) (denying recoupment "in light of the equitable nature of the recoupment remedy"); *In re Peterson Distributing, Inc.*, 82 F.3d 956, 960 (10th Cir. 1996) ("The 'same transaction' requirement acts as a mechanism to ensure that equitable reasons for recoupment are present before a creditor may attain priority through the doctrine

---

[1] *See **Boone Nat'l Sav. & Loan Ass'n v. Crouch***, 47 S.W.3d 371, 374 (Mo. 2001) ("The concept of equity is invoked because recoupment is based on equitable principles."); ***Burger v. Wood***, 446 S.W.2d 436, 444 (Mo. App. 1969) ("recoupment [is] equitable in nature and designed to reduce plaintiff's demand only 'so far as in reason and conscience it ought.'").  *But see **Birkenmeier v. Keller Biomedical, LLC***, 312 S.W.3d 380, 387 (Mo. App. 2010) (treating recoupment as a legal, rather than equitable, remedy by affirming the trial court's use of a jury instruction on defendant's asserted right of recoupment).

of recoupment . . . A 'same contract equals same transaction' rule would be overly simplistic. Instead, as our case law illustrates, the 'same transaction' analysis involves an examination of the parties' equities"); *In re Straightline Investments, Inc.*, 525 F.3d 870, 882 (9th Cir. 2008) ("The doctrine of recoupment does not apply here, however, because it is an equitable remedy . . ."). However, in two of those cases, *Malinowski* and *Peterson*, the court applied the same-transaction test, holding that the claims failed to meet it. In the *Straightline* case, the court did not apply a same-transaction analysis, but ruled that recoupment was inapplicable in light of the parties' inequitable conduct, because the transaction itself violated the bankruptcy court's order. None of the cases cited by Terry answers the question here: whether a creditor who *meets* the same-transaction test can be denied recoupment based on a separate balancing-of-the equities test.

The First Circuit expressly rejected a separate balancing-of-the-equities test for recoupment in bankruptcy. *In re Slater Health Center, Inc.*, 398 F.3d 98, 104 (1st Cir. 2005). That court held:

> [T]he 'same transaction' analysis itself inherently embodies competing issues of equity, for the simple reason that 'it would be *inequitable* for [a debtor] to enjoy the benefits of the same transaction without also meeting its obligations.' In at least most cases, analysis of the recoupment issue should both begin and end with the same transaction question without discussing other equitable issues. Since we have already determined that the same transaction test is met in this case, we need not go further.

*Id.* at 104 (emphasis in original) (internal citations omitted). This court agrees.

The BAP erred by introducing a separate "balancing of the equities" test into the doctrine of recoupment and by invoking these equitable principles to deny Standard a right of recoupment after finding that the obligations at issue arose out of

the same transaction. Fairness and equity may influence whether two competing claims arise from the same transaction, but a court should not impose an additional "balancing of the equities" requirement once a party meets the same-transaction test.

* * * * * * *

The judgments of the bankruptcy appellate panel and the bankruptcy court are reversed, and the case remanded to the bankruptcy court for further proceedings consistent with this opinion.

_____

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 03, 2012

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 11-2582  Joseph Terry v. Standard Insurance Company

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was David D. Farrell, of St. Louis, MO.

Counsel who presented argument on behalf of the appellee was Victor Felix Weber, of Kansas City, MO. The following attorney(s) appeared on the appellee brief: James Kevin Checkett, of Carthage, MO.

The judge who heard the case in the district court was Honorable Jerry W. Venters. The judgment of the district court was entered on April 13, 2011.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

DMW

Enclosure(s)

cc:  Lois Law
    MO Lawyers Weekly

District Court/Agency Case Number(s):  09-03031-JWW

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 03, 2012

Mr. David D. Farrell
THOMPSON & COBURN
Suite 2700
One US Bank Plaza
St. Louis, MO  63101-1693

RE:  11-2582  Joseph Terry v. Standard Insurance Company

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

DMW

Enclosure(s)

cc:     Mr. Daniel J. Casamatta
        Mr. James Kevin Checkett
        Mr. Randall Henderson
        Ms. Ellen Y. Suni
        Mr. Victor Felix Weber

District Court/Agency Case Number(s):   09-03031-JWW